IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE AUSTIN, | : |
| | : 4:07-cv-1693 |
| Plaintiff, | : |
| | : Hon. John E. Jones III |
| v. | : |
| | : Hon. Malachy E. Mannion |
| FRANKLIN J. TENNIS, *et al.*, | : |
| | : |
| Defendants. | : |

# MEMORANDUM

**December 30, 2009**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.178), filed on November 6, 2009, which recommends that we grant: (1) the Motion for Summary Judgment of Defendants Tennis, Ellers, Walmer, Grasmyer, Lachat, Spotts and Dickson (hereinafter collectively referred to as the "Commonwealth Defendants") (Doc. 139) and (2) the Motion for Summary Judgment of Defendant Burke. (Doc. 155). Plaintiff Michael Lee Austin ("Plaintiff" or "Austin") filed objections to the R&R (Doc. 183) on November 17, 2009. The Commonwealth Defendants have responded to Plaintiff's objections. (Doc. 186). Accordingly, this matter is ripe for

disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant both Motions for Summary Judgment, deny the Plaintiff's and close this case.

## I. PROCEDURAL BACKGROUND

Plaintiff, formerly an inmate at the State Correctional Institution, Rockview ("SCI-Rockview"), filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 on September 17, 2007. (Doc. 1). On March 27, 2008, the Plaintiff filed an Amended Complaint. (Doc. 54).

On July 17, 2009, the Commonwealth Defendants filed a Motion for Summary Judgment, accompanied by a Statement of Material Facts and supporting exhibits. (Docs. 139 and 140). This Motion was fully briefed by the parties. On August 31, 2009, Defendant burke filed a Motion for Summary Judgment, accompanied by a Statement of Material Facts and supporting exhibits. . (Docs. 155 and 156). This Motion was also fully briefed by the parties.

On November 6, 2009, Magistrate Judge Mannion issued the instant R&R (Doc. 178) on the Defendants' Motions for Summary Judgment (Docs. 139 and 155), which is presently before the Court for review.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving

party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. PLAINTIFF'S OBJECTIONS

The Plaintiff's "objections" to the R&R voice his essential disagreement with the Magistrate Judge's recommendations, however Plaintiff gives no substantive legal or factual basis for this objection. Plaintiff states that there is a "real dispute about the facts" and emphasizes that he submitted "sworn affidavits," however he articulates no cognizable legal arguments in response to the R&R. Thus, in light of the Plaintiff's non-substantive and unsupported objections, we shall exercise our discretion when reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge Mannion's reasoning.

## IV. DISCUSSION

### A. Commonwealth Defendants' Motion for Summary Judgment

Magistrate Judge Mannion recommends that summary judgment be granted in favor of Defendants Walmer and Burke with respect to Plaintiff's Eighth Amendment claim for deliberate indifference to medical needs. Plaintiff alleges and the record demonstrates that on March 1, 2007, Plaintiff was placed in a conduit cell, and while housed in that cell, he attempted to attach a torn sheet to the conduit in that cell in an attempt to commit suicide. Through the observation camera, staff members observed Plaintiff's conduct, talked the Plaintiff out of the situation, and removed the Plaintiff from the cell. After the incident and prior to Plaintiff's transfer from SCI-Rockview, efforts were made to keep the Plaintiff from being housed in that cell. However, when it was necessary to place Plaintiff in that cell, he was observed carefully to prevent further suicidal behavior.

Magistrate Judge Mannion concludes, and we agree, that there is no evidence that the Defendants violated Plaintiff's Eighth Amendment rights with respect to his housing in the conduit cell at SCI-Rockview. The record demonstrates that the cell was safe because all activities of any inmates housed in that cell could, and were, observed by staff members from the camera placed inside the cell. In fact, this monitoring helped prevent Plaintiff from committing suicide

while in the conduit cell in March of 2007. Furthermore, to the extent that Plaintiff claims another inmate committed suicide in the same cell, the Defendants have established that the other inmate actually committed suicide in an entirely different cell and the manner of suicide did not involve attaching anything to a conduit cell, but was by another method of strangulation.

Next, with respect to Defendant Tennis, the Superintendent of SCI-Rockview, we agree with the Magistrate Judge's conclusion that because there is no indication that Plaintiff was the subject of any medical mis- or non-treatment, Defendant Tennis, a non-medical staff member can not be considered to have Eighth Amendment liability here. *See Spruill v. Gillis*, 372 F. 3d 218, 236 (3d Cir. 2004) (Non -medical prison personnel may only be liable if they had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.").

Further, with respect to Plaintiff's claim that the Defendants were deliberately indifferent to his medical needs in relation to Plaintiff's hunger strike, we agree with Magistrate Judge Mannion that Plaintiff's claim fails. Plaintiff was offered meals and medical services and refused them. Plaintiff was monitored and institutional protocol was followed in order to preserve Plaintiff's health. Given all

this, we simply cannot find that the Defendants violated Plaintiff's Eighth Amendment rights in regards to Plaintiff's hunger strike.

Likewise unavailing is Plaintiff's claim that excessive force was used during his cell extraction on March 12, 2007. We agree with Magistrate Judge Mannion's considered review of the record that failed to reveal any evidence that would establish an issue of material fact, or that would lead a reasonable jury to conclude that the Commonwealth Defendants used excessive force during the extraction. The video of the cell extraction provided to and reviewed by the Court shows that Plaintiff was not combative during the extraction and thus, the Commonwealth Defendants used only that amount of force necessary to transport the Plaintiff for evaluation.

Finally, to the extent that Plaintiff alleges an Eighth Amendment violation relating to his treatment with oxygen after the March 2007 cell extraction, the record reveals that oxygen was not immediately available following the extraction, however it was provided to the Plaintiff as soon as it became available. On these facts, there can be no finding of deliberate indifference to Plaintiff's needs and summary judgment will be granted in favor of the Defendants.

## B. Defendant Burke's Motion for Summary Judgment

Plaintiff's Eighth Amendment Claims against Defendant Burke, a psychiatrist at SCI-Rockview, closely mirror his claims with respect to the conduit cell as against the Commonwealth Defendants. As discussed above, we have concluded that the evidence establishes that Plaintiff's placement in the conduit cell was not an Eighth Amendment violation. Plaintiff has proffered no evidence to support that this claim should lie against Defendant Burke. In fact, Defendant Burke does not have the authority to place prisoners into any particular cells within a particular unit and he did not recommend that the Plaintiff be placed into the cell with the conduit pole. Accordingly, we shall adopt the Magistrate Judge's recommendation that Defendant Burke's Motion for Summary Judgment be granted.

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety.[1] An appropriate Order shall issue.

---

[1] We note that we shall decline to exercise jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.